UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____

**ESTATE OF EMMA KATHERINE STEWART, Regina Graves Williams, Administratrix, REGINA GRAVES WILLIAMS, CONNIE STEWART, WHITNEY STEWART, KA'SONDRA BROWN, ANDRE D. BROWN, TREMAINE ALLEN STEWART, and LACRETIA AVIS STEWART**  **PLAINTIFFS**

**v.**          **VERIFIED COMPLAINT**

**CITY OF STANFORD, KENTUCKY, SCOTTIE ERNST, individually and in his official capacity of Mayor of the City of Stanford, Kentucky, and JEFF KNOUSE, individually and in his official capacity as Code Enforcement Officer of the City of Stanford, Kentucky**          **DEFENDANTS**

Come the Plaintiffs Estate of Emma Katherine Stewart through Regina Graves Williams as administratrix of the Estate, and Regina Graves Williams, Connie Stewart, Whitney Stewart, Ka'Sondra Brown, Andre D. Brown, Tremaine Allen Stewart, and Lacretia Avis Stewart, all individually as heirs at law to the Estate of Emma Katherine M. Stewart, pursuant to Federal Rule of Civil Procedure 3 and for their Complaint against The City of Stanford, Kentucky, Scottie Ernst, individually and in his official capacity as Mayor of the City of Stanford, Kentucky, and Jeff Knouse, individually and in his official capacity as Code Enforcement of the City of Stanford, Kentucky, aver and affirm as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action for a wrongful taking of private property by the City of Stanford, Kentucky which land was owned by the Estate of Emma Katherine Stewart. In particular, the City of Stanford, Kentucky through the actions of its

Mayor Scottie Ernst and its Code Enforcement Officer Jeff Knouse intentionally and willfully destroyed a building on land owned by the Estate of Emma Katherine Stewart without the consent of said Estate. The Plaintiffs allege that the actions of the City of Stanford, Kentucky and the Mayor and Code Enforcement Officer thereof violate their right of due process under the Fourteenth Amendment of the United States Constitution. As a result, the Plaintiffs bring their Federal Constitutional claims pursuant to 42 U.S.C. § 1983.

In addition, the Plaintiffs assert several pendant state claims. The Plaintiffs state that the City of Stanford, Kentucky and the Defendants Mayor and Code Enforcement Officer violated the First Amendment of the Kentucky Constitution by denying the Plaintiffs them their inalienable right to protect their property. In addition, the Plaintiffs state that the Defendants violated their Second Amendment rights under the Kentucky Constitution by exercising absolute and arbitrary power over the Plaintiffs' private property through the taking of same without due process of law. The Defendants further failed to adhere to the Eminent Domain Act of Kentucky by not complying with the procedures set forth therein for a taking of private property by a city. Finally, the City of Stanford, Kentucky as well as the Mayor of the City and the City's Code Enforcement are liable for tortious trespass to real property upon the Plaintiffs' private property.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. §1367.

4. The Eastern District Court of Kentucky has venue pursuant to 28 U.S.C. §1391.

### III. PARTIES

5. The Plaintiff Estate of Emma Katherine Stewart is an unincorporated entity consisting of the assets of the decedent Emma Katherine Stewart and the administratrix of said Estate is Regina Graves Williams, the daughter of Emma Katherine Stewart.

6. The Plaintiff Regina Graves Williams is a resident of Gwinnett County, Georgia.

7. The Plaintiff Connie Stewart is a resident of Fayette County, Kentucky.

8. The Plaintiff Whitney Stewart is a resident of Fayette County, Kentucky.

9. The Plaintiff Ka'Sondra Brown is a resident of Fayette County, Kentucky.

10. The Plaintiff Andre D. Brown is a resident of Alameda County, California.

11. The Plaintiff Tremaine Allen Stewart is a resident of Arapahoe County, Colorado.

12. The Plaintiff Lacretia Avis Stewart is a resident of Arapahoe County, Colorado.

13. The Defendant City of Stanford, Kentucky is a corporate municipality recognized by the Commonwealth of Kentucky.

14. The Defendant Scottie Ernst is the Mayor of the City of Stanford, Kentucky and a resident of Lincoln County, Kentucky.

15. The Defendant Jeff Knouse is the Code Enforcement Officer of the City of Stanford, Kentucky and a resident of Lincoln County, Kentucky.

## IV. STATEMENT OF FACTS

16. On or about April 16, 2019 the Defendant Scottie Ernst contacted the Plaintiff Ka'Sondra Brown and asked that Ms. Brown please give him a call. The Plaintiff Ka'Sondra Brown did text Mayor Ernst and informed him that she was consulting with lawyers and kindly asked the Mayor that until she received further direction from her legal counsel, no city official was permitted on the real property owned by the Plaintiff Estate of Emma Katherine Stewart.

17. The Defendant Scottie Ernst then responded to the Plaintiff Ka'Sondra Brown that the Defendant City of Stanford, Kentucky would proceed with its nuisance ordinance enforcement. Mayor Ernst added that the nuisance officer of the City of Stanford, Kentucky declared the real property owned by the Estate of Emma Katherine Stewart to be an "eminent danger" on April 11, 2019. Mayor Ernst concluded that an attorney retained by Ms. Brown should contact the John Hackley, the attorney for the City of Stanford, Kentucky. Ms. Brown thanked the Mayor for his response and asked him to "have a blessed day".

18. Thereafter, sometime between April 17 -30, 2019, the Defendants acting under the color of state law came onto the real property owned by the Plaintiff Estate of Emma Katherine Stewart, more commonly referred to as 135 Hustonville Street in Stanford, Kentucky, and destroyed the roof and certain parts of the structure located on said real property

19. The Plaintiffs did not receive any notice from any of the Defendants as to the date that they would come onto the real property owned by the Plaintiff Estate of Emma Katherine Stewart and destroy the structure situated thereon nor did the Plaintiffs have an opportunity for a hearing.

20. At all times relevant to the actions taken by the Defendants, the Plaintiffs were owed a federal constitutional right to due process, a state constitutional right to protect their property and be free from absolute and arbitrary power over their real property by the City of Stanford, Kentucky, its mayor, and code enforcement officer, the right to notice and a hearing under state law before any taking of the 135 Hustonville Street property could occur, and a duty to have uninvited persons refrain form entering their land.

## V. CAUSE OF ACTION

### COUNT ONE - LIABILITY FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C.§1983

21. The Plaintiffs reiterate and reallege Paragraphs One through Twenty in their entirety.

22. The Fourteenth Amendment of the United States Constitution provides in Paragraph One thereof that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law...."

23. United States Supreme Court jurisprudence has determined that the taking clause of the Fifth Amendment of the United States, which admonishes

"nor shall private property be taken for public use, without just compensation" has been incorporated within the due process clause of the Fourteenth Amendment and therefore the taking clause has been made applicable to the States.

24. The Defendant City of Stanford, Kentucky is a corporate municipality recognized by the Commonwealth of Kentucky. As such, any action taken by the City of Stanford, Kentucky is state action.

25. The Defendants Scottie Ernst and Jeff Knouse are legally authorized officials and employees of the City of Stanford, Kentucky. As such, any action taken by the Defendants Scottie Ernst and Jeff Knouse on behalf of the City of Stanford, Kentucky constitutes state action.

26. The Defendant City of Stanford, Kentucky pursuant to KRS 82.082 possesses the power of eminent domain subject to the provisions of the United States Constitution and the Kentucky Constitution. Two of the constitutional requirements in the grant of power of eminent domain to the City of Stanford, Kentucky is that a person be given notice of the planned taking and an opportunity for a hearing before the taking of private property occur.

27. 42 U.S.C. §1983 provides in pertinent part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

28. The Defendant City of Stanford, Kentucky, the Defendant Scottie Ernst as mayor of the City of Stanford, Kentucky, and the Defendant Jeff Knouse as code enforcement officer of the City of Stanford, Kentucky, acting under color of state law, proceeded to take and destroy a structure on real property owned by the Plaintiffs.

29. The Plaintiffs, however, were given no notice of the intended destruction of the structure on their real property nor were the Plaintiffs given the opportunity for a hearing to defend themselves against the taking of their private property.

30. The Plaintiffs were thus deprived of their constitutional right to due process under the Fourteenth Amendment of the United States Constitution as a result of the aforementioned taking by the Defendants, and accordingly the Defendants are liable under 42 U.S.C. §1983 for the injuries suffered by the Plaintiffs.

COUNT TWO – DENIAL OF THE RIGHT TO PROTECT PROPERTY
UNDER SECTION ONE OF THE KENTUCKY CONSTITUTION

31. The Plaintiffs reiterate and reallege Paragraphs One through Thirty in their entirety.

32. Section One of the Kentucky Constitution provides in Paragraph Five of said Section that all citizens possess "The right of acquiring and protecting property".

33. The Defendant City of Stanford, Kentucky, the Defendant Scottie Ernst as mayor of the City of Stanford, Kentucky, and the Defendant Jeff Knouse as code enforcement officer of the City of Stanford, Kentucky proceeded to take and

destroy a structure on real property owned by the Plaintiffs without affording Plaintiffs notice of their intended action or the opportunity for a hearing to defend themselves against such taking.

34. Therefore, the Plaintiffs were denied their constitutional right to protect their property as guaranteed to them in the First Amendment of the Kentucky Constitution because of the actions of the Defendants.

### COUNT THREE – PROHIBITION OF ABSOLUTE AND ARBITRARY POWER UNDER SECTION TWO OF THE KENTUCKY CONSTITUTION

35. The Plaintiffs reiterate and reallege Paragraphs One through Thirty-Four in their entirety.

36. Section Two of the Kentucky Constitution affirms that "Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority".

37. The Defendant City of Stanford, Kentucky, the Defendant Scottie Ernst as mayor of the City of Stanford, Kentucky, and the Defendant Jeff Knouse as the code enforcement officer of the City of Stanford, Kentucky exercised absolute and arbitrary power over the Plaintiffs by taking the real property owned by them and destroying the structure thereon without providing the Plaintiffs any notice of the Plaintiffs' actions as well as not providing the Plaintiffs an opportunity to defend themselves against the taking of their property by the Defendants.

38. As such, the Defendants use of absolute and arbitrary power over the Plaintiffs' real property violated the Plaintiffs' constitutional right against such prohibition as guaranteed by the Second Amendment of the Kentucky Constitution.

## COUNT FOUR – VIOLATION OF THE EMINENT DOMAIN ACT OF KENTUCKY AS PRESCRIBED IN KRS 416.540-.680

39. The Plaintiffs reiterate and reallege Paragraphs One through Thirty-Eight in their entirety.

40. KRS 416.540-.680 sets forth the Eminent Domain Act of Kentucky. This Act prescribes the process by which a city or municipality vested with the authority of eminent domain may exercise that authority. That process mandates that the city or municipality employ certain measures, such as filing a court petition to condemn specific property and providing the owners with notice of said court petition, requiring that the court appoint three (3) commissioners to evaluate the property to be condemned and establish a market value of the property, and affording the landowners of the property the opportunity to defend the taking in a court trial, before any property can be taken by the city or municipality.

41. The Defendant City of Stanford, Kentucky is a corporate municipality recognized by the Commonwealth of Kentucky. Accordingly, the Defendant City of Stanford, Kentucky has the power of eminent domain as authorized by KRS 82.082 and may exercise that power "in accordance with the provisions of the Eminent Domain Act of Kentucky."

42. The Defendant City of Stanford, Kentucky, the Defendant Scottie Ernst as mayor of the City of Stanford, Kentucky, and the Defendant Jeff Knouse as the code enforcement of the City of Stanford, Kentucky failed to comply with the requirements of The Eminent Domain Act of Kentucky in taking the real property owned by the Plaintiffs and destroying the structure thereon This failure by the

Defendants to abide by the statutory framework resulted in injuries suffered by the Plaintiffs.

## COUNT FIVE – TRESPASS TO REAL PROPERTY

43. The Plaintiffs reiterate and reallege Paragraphs One through Forty-Two in their entirety.

44. The tort of trespass to real property occurs when one enters or remains on land of another without consent.

45. After being informed by the Defendant Scottie Ernst that the Defendant City of Stanford, Kentucky had concerns about the Plaintiffs' real property at 135 Hustonville Street, the Plaintiff Ka'Sondra Brown informed Mayor Ernst that until she received further direction from her legal counsel, no city official was permitted on the real property owned by the Plaintiff Estate of Emma Katherine Stewart.

46. Nonetheless, the Defendant Scottie Ernst, individually and in his official capacity as Mayor of the City Of Stanford, Kentucky, and the Defendant Jeff Knouse, individually and in his official capacity as Code Enforcement Officer of the City of Stanford, Kentucky, ignored the statements of Plaintiff Ka'Sondra Brown and entered the property at 135 Hustonville Street which was owned by the Plaintiff Estate of Emma Katherine Stewart and proceeded thereon to destroy the structure located on said property.

47. The Defendants Scottie Ernst and Jeff Knouse therefore committed the tortious offense of trespass to real property because: (a) the Defendants owed a duty to the Plaintiffs to refrain from entering the real property owned by the

10

Plaintiff Estate of Emma Katherine Stewart except when authorized by law, (b) the Defendants breached this duty by entering on the real property of the Plaintiff Estate of Emma Katherine Stewart without authority of law and without the permission of any of the heirs of such real property, (c) this breach of duty by the Defendants caused the Plaintiffs to experience destruction of a structure on the real property owned by the Plaintiff Estate of Emma Katherine Stewart, and (d) the Plaintiffs suffered an injury as a result of the destruction of the structure on the real property owned by the Plaintiff Estate of Emma Katherine Stewart.

## VI. PRAYER FOR RELIEF

48. Wherefore, the Plaintiffs. pray that this Court grant him the following relief on their Complaint herein:

A. An award of compensatory damages against the Defendant City of Stanford, Kentucky and the Defendants Scottie Ernst and Jeff Knouse, each one and all in their individual and official capacities, in an amount sufficient to compensate the Plaintiffs for damages suffered as of the deprivation of their Federal Constitutional rights described in Count One;

B. An award of compensatory damages against the Defendant City of Stanford, Kentucky and the Defendants Scottie Ernst and Jeff Knouse, each one and all in their individual and official capacities, in an amount sufficient to compensate the Plaintiffs for damages suffered as a result of the violations of their rights arising under the Kentucky Constitution;

C. An award of compensatory damages against the Defendant City of Stanford, Kentucky and the Defendants Scottie Ernst and Jeff Knouse, each one

and all in their individual and official capacities, in amount sufficient to compensate the Plaintiffs for damages suffered due to the failure to follow the prescriptions of the Eminent Domain Act of Kentucky and due to their tortious conduct of trespass to real property;

D. An award of punitive damages against the Defendants Scottie Ernst and Jeff Knouse in their individual capacities in an amount sufficient to punish these Defendants and deter them, as well as others similarly situated, from engaging in unconstitutional and unlawful conduct in the future;

E. Prejudgment and postjudgment interest on the damage award;

F. An award of costs and expenses incurred by the Plaintiffs in bringing this action, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

G. For any and all other relief to which the Plaintiff may appear to be entitled; and

H. The Plaintiffs respectfully demand trial by jury on all Counts of their Complaint so triable.

## VERIFICATION

I, Regina Graves Williams, hereby acknowledge that I have read the averments contained in this Complaint and that such averments are true and accurate to the best of my knowledge.

*Regina Graves Williams*
REGINA GRAVES WILLIAMS

STATE OF GEORGIA )
)
COUNTY OF GWINNETT )

This VERIFIED COMPLAINT was Subscribed, Sworn to, and Acknowledged before me by Regina Graves Williams on this the 27th day of February, 2020.

My Commission Expires: March 27, 2023

_____
NOTARY PUBLIC, STATE AT LARGE

THIS COMPLAINT PREPARED BY:

_____
REGINALD L. THOMAS
P.O. Box 1704
Lexington, Kentucky 40588-1704
Telephone: (859) 333-7999
Email: reginaldthomasesq@gmail.com
ATTORNEY FOR THE PLAINTIFFS



13